| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WABASH CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF WABASH | ) | CAUSE NO. 85C01-1101-PL-38 |

JEFFREY WARNOCK,
Plaintiff

vs.

PAPERWORKS INDUSTRIES, INC.,
Defendant

FILED
JAN 19 2011
Elaine J Martin
WABASH CIRCUIT/SUPERIOR COURT CLERK

## COMPLAINT

Comes now the Plaintiff, by counsel, and in support of his Complaint against the Defendant, states as follows:

1. Plaintiff is, and at all times mentioned herein was, a resident of Wabash County, Indiana.

2. Defendant is, and at all times mentioned herein was, a corporation organized and existing pursuant to the laws of the State of Delaware, with a place of business located at 455 West Factory Street, Wabash, Indiana.

3. Plaintiff was an employee of Defendant from January 1, 1998 through and until September 22, 2009, and was a salaried employee from December 1, 2000 through and until September 22, 2009.

4. In 2003, Plaintiff suffered an injury whereby he shattered his right heel and damaged his right leg. Ultimately, the Plaintiff was released by his physician to return to his employment with the Defendant, without any work restrictions. The Plaintiff continued to be able to perform the essential functions of his employment despite this previous injury.


EXHIBIT "A"

5. On or about September 15, 2009, the Plaintiff suffered an injury to his right leg and was placed off work by his physician, Dr. Lloyd Lorenz. Dr. Lorenz evaluated the Plaintiff's ability to return to work on a week-by-week basis.

6. Plaintiff had always been directed to report to his direct supervisor for any absences, and the Plaintiff complied with that directive and reported his absence to his direct supervisor.

7. Plaintiff was never provided a handbook as a salaried employee nor was Plaintiff ever provided a written policy on short-term disability for salaried employees. In fact, Plaintiff believes that no such written handbook or policy exists.

8. On September 22, 2009, the Plaintiff reported to his place of employment to deliver his off-work slip from Dr. Lorenz to his employer, and the Plaintiff was summarily terminated from his employment at that time.

9. Plaintiff was forty-eight (48) years of age at the time of the termination of his employment, having been born on the 30th day of January, 1961.

10. Plaintiff was allegedly terminated for non-compliance with short-term disability company policy.

11. Defendant wrongfully terminated Plaintiff and discriminated against Plaintiff with respect to the terms, conditions, or privileges of employment because of Plaintiff's disability and failed to accommodate or otherwise make available provisions to Plaintiff in direct violation of The Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964.

12. Defendant further wrongfully terminated Plaintiff and discriminated against Plaintiff because of the Plaintiff's age in direct violation of the Age Discrimination in Employment Act.

13. As a direct and proximate result of Defendant's discrimination, Plaintiff has been deprived of economic and non-economic benefits, including, but not limited to, lost wages, pain and suffering, mental anguish, humiliation, embarrassment, and loss of fringe benefits.

14. Defendant's conduct was willful and wanton and was designed to deprive Plaintiff of Plaintiff's rights, thereby entitling Plaintiff to an award of exemplary damages.

WHEREFORE, the Plaintiff, by counsel, prays the Court enter judgment against the Defendant for damages, including exemplary damages; for costs of this action, including reasonable attorney fees; and for all other further, proper and complete relief in the premises.

*Kristina L. Lynn*
Kristina L. Lynn, #16787-85
Counsel for Plaintiff
LYNN and STEIN, P.C.
102 South Wabash Street
Wabash, Indiana 46992
(260) 563-8020
klynn@lynnandstein.com

## JURY DEMAND

Comes now the Plaintiff, by counsel, and prays this cause be set for trial by jury; and for all other further, proper and complete relief in the premises.

*Kristina L. Lynn*
Kristina L. Lynn