UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEFFREY WARNOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO: 3:11-CV-00048 |
| | ) |
| PAPERWORKS INDUSTRIES, INC., | ) |
| | ) |
| Defendant | ) |

## OPINION AND ORDER

Before the Court is Defendant, Paperworks Industries, Inc.'s ("Paperwork's"), "Motion for Summary Judgment" [DE 21] filed on January 17, 2012. Plaintiff, Jeffrey Warnock ("Warnock:), filed his response on March 2, 2012 to which Paperwork replied on March 27, 2012. For the following reasons, Paperwork's Motion will be GRANTED.

## FACTUAL BACKGROUND[1]

Warnock was employed as a salaried Production Supervisor at Paperworks's mill in Wabash, Indiana (the "Mill"). On September 22, 2009, Warnock was terminated as a result of his repeated failure to comply with Paperworks's absence notification policy. (Lynn Huddleston Aff. at ¶ 12).

Paperworks's absence notification policy requires salaried employees to notify their supervisor if they are absent for a day. (Huddleston Aff. at ¶ 4). If salaried employees are absent for more than three days, they are required to notify Paperworks's Human Resources Department

---

[1] N.D.Ind. L.R. 56-1(b)(2) requires a response brief or appendix to "include a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." Plaintiff's response contains no such section nor does it contain any legal briefing. As a result, the court shall consider the material facts in the Defendant's brief, to be undisputed. See Fed.R.Civ.P. 56(e)(2).

1

("HR") regarding any absences. (*Id.*). Notice to HR in accordance with the absence notification policy is critical for determination as to short-term disability and FMLA benefit eligibility. (*Id.* at 5).

On February 1, 2009,[2] Warnock sustained a fall at his home that resulted in him sustaining injuries. (Huddleston Aff. at ¶ 8; Warnock Dep. at 24). As a result of the injuries he sustained in the fall, Warnock was absent from February 1, 2009 until February 17, 2009. (Huddleston Aff. at ¶ 8; Warnock Dep. at 24, 29). During his absence, Warnock failed to notify HR as required by Paperworks's absence notification policy. (Huddleston Aff. at ¶ 8; Warnock Dep. at 24-27). Instead of contacting HR pursuant to Paperworks's absence notification policy, Warnock notified Mike Wilson, the on-call person at the time of his absence, regarding his absence. (Warnock Dep. at 24-25). According to Warnock, it was his understanding that it was the responsibility of the on-call person to notify HR regarding absent employee. (*Id.* at 25).

Upon returning to work from his absence in February of 2009, Roger Brown, Human Resources Manager, reminded Warnock of the absence policy and the importance of complying with the same. (*Id.* at 27-28, 46; Huddleston Aff. at ¶ 9). Warnock was specifically made aware that it was his responsibility to contact HR in the event of an absence lasting longer than three days. (*Id.* at 46).

Warnock was again absent from work from September 14, 2009 until September 22, 2009. (*Id.* at 30, 34; Huddleston Aff. at ¶ 10). During his absence, despite having been previously warned of the importance of notifying HR regarding any absence lasting longer than three days, Warnock failed to notify HR. (*Id.* at 30-33; Huddleston Aff. at ¶10). Despite several efforts on behalf of HR,

---

[2]Throughout his deposition, Warnock mistakenly refers to this fall as occurring in February, 2008. Whether the fall occurred in February of 2008 or 2009 is irrelevant to the legal analysis since it is undisputed that Warnock did not comply with the absence policy for absences initially related to that fall.

Paperworks was unable to get in contact with Warnock regarding his absence. (Huddleston Aff. at ¶ 11).

On September 22, 2009, Warnock was terminated by Paperworks as a result of his repeated failure to contact HR as required by the absence notification policy. (Warnock Dep. at 73-75; Huddleston Aff. at ¶ 12). Specifically, Warnock was terminated as a result of his failure to notify HR during his September of 2009 absence. (*Id*.).At the time of his discharge, Warnock was 48 years old. Paperworks's replacement for Warnock Richard Turvey. (Huddleston Aff. at ¶ 15). Turvey is older than Warnock. (*Id*.).

Subsequently, Warnock filed the present complaint alleging discrimination under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA").

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that

there is a genuine issue for trial.' " *Anderson,* 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

**DISCUSSION**

Warnock alleges that Paperwork discriminated against him on the basis of his age and on the basis of his disability. Each claim shall be addressed in turn.

**I.     Age Discrimination**

The ADEA prohibits employment discrimination against employees over the age of forty. *See* 29 U.S.C. § 621 *et seq.* To establish a violation of the ADEA, a plaintiff must demonstrate that he suffered an adverse employment action because of his age. *See Monaco v. Fuddruckers, Inc.,* 1 F.3d 658, 660 (7th Cir.1993). A plaintiff must allege facts that age was the "but for" cause of the employer's adverse employment decision. *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 129 S.Ct. 2343, 2350, 174 L.Ed.2d 119 (2009) (an act or omission is not considered a "but for" cause of an event if the event would have occurred without it).

A plaintiff creates a presumption of unlawful discrimination by establishing a prima facie case of discrimination.[3] *See Bahl v. Royal Indem. Co.,* 115 F.3d 1283, 1290 (7th Cir.1997). To establish a prima facie case of discrimination under the ADEA, a plaintiff must put forth evidence that: (1) he belongs to a protected class; (2) he performed his job according to his employer's legitimate expectations; and (3) he suffered an adverse employment action. There is also a fourth element, however, n this circuit, the fourth element of the prima facie case has been described in varying ways. Compare *Martino v. MCI Communications Services, Inc.,* 574 F.3d 447, 453 (7th

---

[3] Warnock does not present direct proof of discrimination, therefore the Court will only analyze his claim pursuant to the indirect method, wherein he must create a presumption of discrimination. See *Atanus v. Perry,* 520 F.3d 662, 672 (7th Cir.2008).

Cir.2009) (fourth prong is that "the company treated similarly situated employees under 40 more favorably") with *Coco v. Elmwood Care, Inc.*, 128 F.3d 1177, 1178 (7th Cir.1997) (fourth prong is that plaintiff was "replaced by a much younger person"). Summary judgment is appropriate if a plaintiff fails to establish any of these elements. *See Atanus,* 520 F.3d at 672. If a plaintiff establishes each of these elements, he creates a presumption that shifts the burden to the employer to "produce a legitimate, noninvidious reason for its actions." *Id.* at 673. If the employer satisfies its burden of production and rebuts plaintiff's prima facie case of discrimination, the burden shifts back to the plaintiff to show that the employer's reasons are false and only a pretext for discrimination. *See Id.* at 672.

Defendant does not contest that Warnock meets the first three elements of the prima facie case. Instead, Paperworks focuses on the fourth prong and contends that Warnock has presented no evidence to shift the burden of production to Paperworks to produce a legitimate non-discriminatory reason for its decision to terminate him. Simply put, the court agreess. Regardless of how the fourth prong of the prima facie case is formulated, Warnock has not raised any genuine issues of material fact that either his replacement was much younger or that younger employees violated the absentee policy and were permitted to retain their employment. In fact, the undisputed facts are that Warnock's replacement was 57 years old and himself a member of the protected class. Moreover, Warnock has not submitted any evidence whatsoever that Paperworks treated similarly situated younger employees more favorably. As a result, Warnock has failed to set forth a prima facie case of discrimination and summary judgment on this claim is GRANTED.[4]

---

[4]Summary Judgment would be appropriate even if Warnock could make out a prima facie case. All of the Paperwork's documentation created contemporaneously with Warnock's termination indicates that Warnock was fired for his failure to comply with the absence policy. Even Warnock admitted in his

## II. Americans with Disabilities Act

As with his age claim, Warnock has no direct evidence of disability discrimination and thus, he is relegated to the indirect method of proof, wherein a plaintiff must first establish a *prima facie* case of discrimination by showing that (1) he is disabled under the ADA; (2) that he is qualified to perform the essential functions of the job in question, with or without reasonable accommodation; and (3) that he has suffered an adverse employment action as a result of her disability." *Jackson v. City of Chicago,* 414 F.3d 806, 810 (7th Cir.2005). Once a plaintiff has established a *prima facie* case, the defendant must identify a legitimate, non-discriminatory reason for its employment decision. *Rooney v. Koch Air, LLC,* 410 F.3d 376, 381 (7th Cir.2005). If the defendant satisfies this requirement, the plaintiff must then prove by a preponderance of the evidence that the defendant's reasons are pretextual. *Lloyd,* 552 F.3d at 601. *See also Dickerson v. Board of Trustees of Community College Dist. No. 522,* 657 F.3d 595, 601 (7th Cir. 2011)

Neither side has presented any evidence of the nature of Warnock's disability or how it limited him in his daily activities. Yet, for purposes of its motion, Paperworks concedes that Warnock is, in fact, disabled under the ADA and even goes so far as to concede the entirety of the prima facie case.. However, even with this concession, Warnock's claim fails under many of the same considerations as did his age claim. For example, Warnock has no evidence to rebut the legitimate reason given by Paperworks for his discharge. As with the age claim, the record is undisputed that even Warnock believed the reason given was legitimate and truthful. The only

---

deposition testimony that he *believed* that Paperworks stated reason for terminating him was truthful. *See* Warnock Dep. Pp. 73-75 Warnock presents no evidence that Paperwork's legitimate, non-discriminatory reason was false.

potential evidence that Warnock has designated to demonstrate that his disability played a role in his termination is his speculation in his deposition that Paperworks was concerned that he may fall at work and injure himself on the job. Warnock Dep. at 76. However, this evidence, at best, reflects a concern by a few co-workers, none of whom were part of the decisionmaking process. Thus, even this evidence is too remote and speculative to create an issue of fact on the issue of pretext. Accordingly, Paperwork's motion for summary judgment is GRANTED as to the ADA claim as well.

## CONCLUSION

Based on the foregoing, Paperwork's Motion for Summary Judgment [DE 21] is GRANTED. The Clerk is directed to enter judgment in favor of the Defendant.

Entered: This 30th day of August, 2012

s/ William C. Lee<br>United States District Court